IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Pamela Carvel, as Citizen, as Delaware Ancillary Administrator for Agnes Carvel Estate, as Member for Thomas and Agnes Carvel Foundation,<br><br>    Plaintiffs,<br><br>    v.<br><br>William Griffin, Marie Abplanalp, Salvatore Molella, Robert Davis and John/Jane Doe 1-20 Doe Corp. 1-20,<br><br>    Defendants. | Case No. 07-CV-00273-\*\*\* |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS
WILLIAM GRIFFIN'S, MARIE ABPLANALP HOLCOMBE'S
AND SALVADOR MOLELLA'S MOTION TO DISMISS**

*Of Counsel:*

Steven J. Fink
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103
(212) 506-5000

W. Donald W. Sparks, II (#2646)
sparks@rlf.com
Chad M. Shandler (#3796)
shandler@rlf.com
Jameson A.L. Tweedie (#4927)
tweedie@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19801
(302) 651-7700

*Attorneys for Defendants William Griffin,
Marie Abplanalp Holcombe, and Salvador
Molella*

Dated: October 9, 2007

RLF1-3211090-1

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ................................... 3

SUMMARY OF ARGUMENT ............................................................................................ 4

STATEMENT OF FACTS .................................................................................................. 5

      A.     The Parties ................................................................................................. 5

      B.     The Delaware District Court Litigation ...................................................... 8

      C.     Jurisdictional Allegations ........................................................................... 8

      D.     The Andreas Proceeding ............................................................................ 9

ARGUMENT ................................................................................................................... 10

I.      THIS COURT LACKS PERSONAL JURISDICTION OVER THE
      DEFENDANTS ...................................................................................................... 11

      A.     The Defendants Are Not Subject to this Court's Jurisdiction under
            the Delaware Long-Arm Statute ................................................................ 11

            1.     Plaintiff Has Failed To Establish That The Court Has
                   General Jurisdiction Over Defendants .............................................. 12

            2.     Plaintiff Has Failed To Establish That The Court Has
                   Specific Jurisdiction Over The Defendants ...................................... 14

      B.     Exercising Jurisdiction over the Defendants Would Be Contrary To
            The Due Process Clause of The Constitution ............................................. 17

II.     PLAINTIFF DID NOT EFFECT PROPER SERVICE UPON THE
     DEFENDANTS ...................................................................................................... 18

CONCLUSION ................................................................................................................ 20

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Bell Helicopter Textron Inc. v. C&C Helicopter Sales, Inc.,*
    295 F.Supp.2d 400 (D. Del. 2002)................................................................11

*Brinn v. McCracken Finance Services, Inc.,*
    Civ. A. No. 95-542-SLR,1996 U.S. Dist. LEXIS 2097 (D. Del. Feb. 20, 1996)...............17

*Hanson v. Denckla,*
    357 U.S. 235 (1958)......................................................................17

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
    466 U.S. 408 (1984)......................................................................13

*Hoover v. Van Stone,*
    540 F. Supp. 1118 (D. Del. 1982).........................................................16

*ICT Pharms., Inc. v. Boehringer Ingelheim Pharms, Inc.,*
    147 F.Supp.2d 268 (D. Del. 2001).........................................................10

*Int'l Shoe Co. v. Washington,*
    326 U.S. 310 (1945)..................................................................13, 17

*Jeffreys v. Exten,*
    784 F. Supp. 146 (D. Del. 1992).......................................................11, 12

*Mobil Oil Corp. v. Advanced Envtl. Recycling Techs. Inc.,*
    833 F. Supp. 437 (D. Del. 1993).......................................................15, 16

*Reach & Associates, P.C. v. Dencer,*
    269 F.Supp.2d 497 (D. Del 2003).......................................................11, 16

*Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas,*
    675 F.2d 587 (3d Cir. 1982)............................................................13

*Resource Ventures, Inc. v. Resources Mgmt. Int'l, Inc.,*
    42 F. Supp. 2d 423 (D. Del. 1999).....................................................11, 16

*Ross v. United States,*
    574 F. Supp. 536 (S.D.N.Y. 1983) .......................................................19

*Saft Am., Inc. v. Ovonic Battery Co., Inc.,*
    Civil Action No. 95-430-SLR, 1996 U.S.Dist. LEXIS 5068 (D. Del. Mar. 25,
    1996) ..............................................................................15, 16

ii

*Sanitec Indus., Inc. v. Sanitec Worldwide, Ltd.*,
376 F. Supp. 2d 571 (D. Del. 2005) ............................................................................11, 16

*Shipley v. Orndoff*,
491 F. Supp. 2d 498 (D. Del. 2007) ................................................................................19

*Stranahan Gear Co. v. NL Indus., Inc.*,
800 F.2d 53 (3d Cir. 1986) .............................................................................................11

*Telcordia Techs., Inc. v. Alcatel S.A.*,
Civ.A. No. 04-874 GMS, 2005 WL 1268061 (D. Del. May 27, 2005) .............................13

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*,
735 F.2d 61 (3d Cir. 1984) .............................................................................................11

*Tristrata Tech., Inc. v. Neoteric Cosmetics, Inc.*,
961 F. Supp. 686 (D. Del. 1997) ...............................................................................16, 17

*Ware v. Ball Plastic Container Corp.*,
432 F. Supp. 2d 434 (D. Del. 2006) .................................................................................13

## STATE CASES

*Barker v. Huang*,
610 A.2d 1341 (Del. 1992) ........................................................................................16, 17

*Barker v. Huang*,
Civ. A. No. 90C-MY-250, 1991 Del. Super. LEXIS 92 (Del. Super. Ct. Feb. 22,
1991) ...............................................................................................................................17

*Carvel v. Andreas Holdings Corp.*,
698 A.2d 375 (Del. Ch. 1995) .........................................................................................10

*Computer People, Inc. v. Best Intern. Group, Inc.*,
Civ. A. No. 16648, 1999 WL 288119 (Del. Ch. Apr. 27, 1999) .................................13, 14

*Henzel v. Noel*,
598 So.2d 220 (Fla. Dist. Ct. App. 1992) .......................................................................19

*Hercules Inc. v. Leu Trust and Banking (Bahamas) Ltd.*,
611 A.2d 476 (Del. 1992) ...............................................................................................12

*Multi-Fineline Electronix, Inc. v. WBL Corp. Ltd.*,
Civ. A. No. 2482-N, 2007 WL 431050 (Del. Ch. Feb. 2, 2007) .......................................13

iii

*Shaffer v. Davis,*
    Civ. A. No. 89C-MY20, 1990 Del. Super. LEXIS 217 (Del. Super. Ct. June 12,
    1990) ................................................................................................................................17

## DOCKETED CASES

*Agnes Carvel Estate v. Carvel Corp.,*
    File No. 1:07-cv-00237-JJF (D. Del.)..................................................................................8

*Agnes Carvel Estate v. Leonard Ross,*
    File No. 1:07-cv-00238-JJF (D. Del.)..................................................................................8

## FEDERAL STATUTES

Fed. R. Civ. P. 4(e) ................................................................................................................18, 19

Fed. R. Civ. P. 12(b) ................................................................................................................1, 20

## STATE STATUTES

10 *Del. C.* § 3104(c)................................................................................................................12, 14

10 *Del. C.* § 3104(j) ..................................................................................................................12

Del. Super. Ct. R. Civ. P. 4(f)(1)(I) ..........................................................................................19

Fla. *Stat.* § 48.031 ....................................................................................................................19

NY *Civil* Practice Law and Rules § 308 ..................................................................................19

NY *Not*-for-Profit Corporation Law § 601 ..............................................................................1

iv

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), Defendants William Griffin, Marie Abplanalp Holcombe (sued herein as Marie Abplanalp) and Salvador Molella (the "Defendants") respectfully submit this opening brief and supporting affidavits in support of their motion to dismiss the Amended Complaint for Continuing Conspiracy to Violate Constitutional Rights & Commit Frauds and Demand for Jury Trial (the "Amended Complaint") filed by Plaintiff Pamela Carvel ("Pamela" or "Plaintiff") on September 17, 2007.

## PRELIMINARY STATEMENT

The Thomas and Agnes Carvel Foundation (the "Foundation") is a not-for-profit corporation organized pursuant to New York's Not-for-Profit Corporation Law (the "NPCL") with its offices located in Westchester County, New York. Each of the Defendants is both a Member[1] and a Director of the Foundation, and two of them are also Officers of the Foundation.[2] They live in the States of New York and Florida, respectively. (*See* Affidavit of William Griffin ("Griffin Aff."), sworn to October 8, 2007 ¶ 4; Affidavit of Salvador Molella ("Molella Aff."), sworn to October 5, ¶ 3; Affidavit of Marie Abplanalp Holcombe ("Holcombe Aff."), sworn to October 5, ¶ 3.).

This action is just one of the many lawsuits that Pamela has brought in an ongoing litigation campaign against the Foundation and its representatives. (*See* Affidavit of Steven J. Fink, sworn to on October 9 (the "Fink Aff.") ¶¶ 9-14.). The Carvel-related litigation has been conducted primarily in New York, where hotly contested matters have been pending in the Westchester County, New York Surrogate's Court (the "Westchester Surrogate's Court") concerning the Estates of Thomas and Agnes Carvel for over sixteen years. The Foundation has

---

[1] Pursuant to NPCL § 601, "[a] corporation [organized pursuant to the NPCL] shall have one or more classes of members. . . ."

[2] Robert Davis, the fourth defendant named in the Amended Complaint, is deceased. (Am. Compl. ¶ 21.).

1

participated in this litigation as residuary beneficiary of the Estate of Thomas Carvel and as the party entitled, by Westchester Surrogate's Court Decree, to the residue of the Estate of Agnes Carvel. (Fink Aff. ¶ 5, Exh. 3.). Additional New York proceedings have included litigation concerning Pamela's status as a Foundation Member. (Fink Aff., ¶ 9.).

Pamela's litigation conduct has been strongly criticized by a number of courts, including not only the Westchester Surrogate's Court, but also a Florida state Court which found "strong evidence" that she had committed fraud upon the Court, and the United States District Court for the Eastern District of New York, which found evidence that Pamela had attempted to commit the same fraud on that Court. (*See* Fink Aff. ¶ 10, Exhs. 9 and 10.).

Apparently frustrated with the results that she has obtained in the Westchester Surrogate's Court proceedings, Pamela recently sought to move the litigation out of the Westchester Surrogate's Court. For instance, in May of this year, she removed a case from the Westchester Surrogate's Court to the Southern District of New York five days before the trial of that matter was scheduled to begin. When the Southern District promptly remanded the case to the Westchester Surrogate's Court *sua sponte*, Pamela responded by moving to "disqualify" the Westchester Surrogate from conducting the trial. That motion was denied from the bench. (Fink Aff. ¶ 12.). She has also engaged in a letter-writing campaign to take her accusations against the Foundation and its representatives, as well as the Westchester Surrogate's Court, outside the New York court system to New York Governor Eliot Spitzer (seeking the appointment of a Special Inspector General to investigate corruption in New York Courts), New York Attorney General Andrew Cuomo (claiming that Mr. Griffin has engaged in various crimes) and the New York State Courts' Chief Administrative Judge, the Honorable Ann Pfau (claiming misconduct by the Westchester Surrogate). (*See* Fink Aff. ¶ 14, Exhs. 17, 18 and 19.). Most recently, on September 2, 2007, she filed a lawsuit in the United States District Court for the Northern

2

District of New York against New York State Attorney General Andrew Cuomo seeking, *inter alia,* an order requiring him to dissolve the Foundation. (*See* Fink Aff. ¶ 13, Exh. 16.).

Consistent with her other efforts to move the Carvel-related litigation out of the Westchester Surrogate's Court, Pamela now brings to this Court her Amended Complaint in this action consisting of scattershot, unfounded accusations against three of the Foundation's Members and Directors alleging that the Defendants have engaged in everything from bribing the Westchester Surrogate to murder to federal RICO violations.[3]  Setting aside the merits of these absurd claims, they have nothing to do with the State of Delaware. Pamela essentially admits this in her Amended Complaint, stating that "**[o]nly Delaware is far enough removed from the political quagmire in New York to provide a fair platform for discovery.**" (Am. Compl. ¶ 140 (emphasis added); *see also id.* ¶ 16.).

There is no basis upon which this Court may exercise personal jurisdiction over the Defendants.  They do not have the requisite contacts with the State of Delaware, and traditional notions of fair play and substantial justice require the conclusion that this Court lacks jurisdiction over them.  Moreover, Plaintiff failed to effect proper service.  Accordingly, the Amended Complaint should be dismissed.

### STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

In May 2007, Plaintiff mailed a copy of her original complaint in this action, filed May 21, 2007, to each of the Defendants, together with a Notice of Lawsuit and Request for Waiver of Service of Summons dated May 28, 2007.  None of the Defendants executed the Waiver of

---

[3] In addition to this action, Pamela has also brought over the last six months two other lawsuits in the Delaware District Court (one against Carvel Corp. and another against the New York ancillary administrator of Agnes Carvel's Estate), as well as a lawsuit in the Florida District Court seeking to have Thomas Carvel's body exhumed 17 years after his death. (*See* Fink Aff. ¶ 11, Exh. 11.).

Service of Summons or otherwise agreed to waive service. (Griffin Aff. ¶ 5; Molella Aff. ¶ 4; Holcombe Aff. ¶ 4.).

Plaintiff subsequently mailed the Amended Complaint, together with a summons, to each of the Defendants by certified mail on September 13, 2007. (Griffin Aff. ¶ 6; Molella Aff. ¶ 5; Holcombe Aff. ¶ 5.). The Defendants did not and do not agree to waive service defects. (Griffin Aff. ¶ 8; Molella Aff. ¶ 7; Holcombe Aff. ¶ 7.).

Plaintiff's Amended Complaint is titled "Complaint for Continuing Conspiracy to Violate Constitutional Rights and Commit Frauds and Demand for Jury Trial." She purports to state 28 counts against the Defendants, including: (1) "Counts 1-3, Fraud, Conspiracy to Commit Fraud"; (2) "Count 4, Tortuous [sic] Interference with Contracts"; (3) Count 5, Tortuous [sic] Interference with Plaintiff's Business Expectancy"; (4) "Count 6, Abuse of Process"; (5) "Counts 7 to 22, Conspiracy to Interfere with Rights in Violation of 18 U.S.C. §241, §242, §245, §1111, §1117; 28 U.S.C. §1343; 42 U.S.C. §1981, §1982, §1983, §1985, §1986, §1988; U.S. Constitutional Amendments I, V, IX, XIV"; and (6) "Counts 23-28, Violations of 18 U.S.C. §1961, (RICO), §1341, §1343, §1952, §2314, §2315." (Am. Compl. ¶¶ 96-135.). She prays for relief including "discovery" to "quantify, assess and assert damages;" to "disaffirm" certain acts purportedly undertaken by Defendants; "to recover misappropriated property estimated to be around $300 million, and treble damages thereon;" to "deny and revoke" the Foundation's tax exempt status; and "to compel Defendants to pay penalties and interest for all actions in abuse of Carvel charities' tax-exempt status and to disgorge Defendants of their ill-gotten gains." (Am. Compl. pp. 64-65 (Wherefore clause).).

## SUMMARY OF ARGUMENT

The Court should dismiss the Amended Complaint with prejudice for lack of personal jurisdiction and failure to effect service of process.

4

1.    <u>First</u>, it is axiomatic that the power of this Court to issue relief extends only to those parties over which it can exercise personal jurisdiction. Here, the Defendants are beyond the jurisdiction of the Court. The Defendants do not have any significant contacts with Delaware: they do not regularly solicit or transact business in Delaware, derive substantial revenue from Delaware, live in Delaware, own property in Delaware, work in Delaware, or have any other contacts with Delaware that could give the Court jurisdiction over them in this action. Plaintiff alleges virtually no Delaware conduct by the Defendants, and the conduct she does allege could not justify an exercise of jurisdiction over the Defendants. Thus, not only is Plaintiff unable to meet her burden to demonstrate that jurisdiction exists under Delaware's long-arm statute, but it would be manifestly unfair and inconsistent with traditional notions of fair play and substantial justice to subject the Defendants to the jurisdiction of this Court.

2.    <u>Second</u>, Plaintiff has failed to properly effect service on the Defendants of the summons and Amended Complaint in this action.

## STATEMENT OF FACTS

### A.    <u>The Parties</u>

Defendants are Members and Directors and, in the cases of Messrs. Griffin and Molella, Officers of the Foundation. The Foundation is a not-for-profit corporation organized pursuant to New York's Not-for-Profit Corporation Law and recognized as exempt from federal income tax as a private foundation under the Internal Revenue Code. (Griffin Aff. ¶ 3.). The Foundation primarily provides grants for charitable organizations that in turn provide health and education services for children and adolescents in Westchester County, New York. (*Id*). Its offices are located at 35 East Grassy Sprain Road, Yonkers, New York. (*Id*).

Defendant William Griffin resides and works in Westchester County, New York. Mr. Griffin, an attorney, is President of the law firm Griffin, Coogan & Veneruso PC, located in

5

Bronxville, New York and is also Chairman of Hudson Valley Bank, a New York chartered commercial bank headquartered in Westchester County, New York. (Griffin Aff. ¶ 4.). Mr. Griffin is the Foundation's President. (*Id* ¶ 1.). He is also a Member and Board Member. (*Id*.). Mr. Griffin does not regularly do or solicit business in the State of Delaware, engage in any other persistent course of conduct in Delaware, or derive substantial revenue from services, or things used or consumed in Delaware. (*Id* ¶ 11.).

Defendant Marie Abplanalp Holcombe is also a resident of Westchester County, New York. (Holcombe Aff. ¶ 3.). She is a Member and Director of the Foundation. (*Id* ¶ 1.). Mrs. Holcombe is not employed. (*Id* ¶ 3.). She does not regularly do or solicit business in the State of Delaware, engage in any other persistent course of conduct in Delaware, or derive substantial revenue from services, or things used or consumed in Delaware. (*Id* ¶ 9.). Mrs. Holcombe first became a Director of the Foundation on March 31, 2004, and became a Member on March 16, 2005. (*Id* ¶ 2.).

Defendant Salvador Molella is a resident of Palm Beach County, Florida. (Molella Aff. ¶ 3.). Mr. Molella, who is retired, is Vice President, a Member and a Director of the Foundation. (*Id* ¶¶ 1, 3.). He does not regularly do or solicit business in the State of Delaware, engage in any other persistent course of conduct in Delaware, or, derive substantial revenue from services, or things used or consumed in Delaware. (*Id* ¶ 10.).

Plaintiff Pamela Carvel is the consanguine niece of Thomas Carvel ("Thomas"), the founder of the Carvel soft ice cream franchise, and, together with his wife Agnes Carvel ("Agnes"), founder of the Foundation. Pamela is a Member of the Foundation as successor to Agnes. (Fink Aff. ¶ 3.).

Pamela was appointed by the Westchester Surrogate's Court as one of the seven original Executors of Thomas Carvel's Estate ("Thomas's Estate") following Thomas's death in October

6

1990. She served in that capacity until July 1995, when the Surrogate suspended her as Executrix after Pamela had effected the transfer of $2 million from a corporation owned wholly or in part by Thomas's Estate to an account at Swiss Bank Corp. in London, England in the names of Agnes Carvel and Pamela Carvel. (*See* Fink Aff. ¶ 4, Exh. 1, at 4.). The Westchester Surrogate's Court later, in February 2000, accepted Pamela's resignation as Executor, but made clear that in doing so it was not giving her an "honorable discharge." (Fink Aff. ¶ 4, Exh. 2, at 8) ("Pamela's conduct as a fiduciary and campaign to thwart the legitimate processes of estate administration present reasonable grounds to summarily remove her. . . . [I]t is only to protect the estate from the further expense of additional proceedings that the court has accepted her resignation.").

Agnes died in London, England in August 1998. Pamela submitted Agnes's will dated July 7, 1995 to the High Court of Justice, Chancery Division, London England (the "High Court") for probate. The High Court probated the will and appointed Pamela as sole personal representative. Pamela served in that capacity until the High Court removed her, on the Foundation's application, in June of this year. (Fink Aff. ¶ 6, Exh. 4, ¶¶ 54-55) (finding that Pamela's "irreconcilable conflict with [the Foundation] and her hostility to the Foundation renders it quite impossible for her to fulfill her fiduciary duties."); (*see also* Fink Aff., ¶ 6, Exh. 5, ¶ 1.).

Pamela is the Delaware ancillary administrator of Agnes's Estate.[4] On August 27, 2007, the Foundation filed with the Delaware Court of Chancery a petition seeking an order, based in part on the High Court's decision, removing Pamela as Ancillary Administratrix of Agnes's

---

[4] Pamela has also purported to act as ancillary administrator of Agnes's Estate in the State of Florida. A Palm Beach County, Florida probate Court recently ruled that in light of the High Court's order removing Pamela as UK personal administrator, Pamela is no longer authorized to have the attorneys' fees that she

7

Estate (the "Delaware Removal Proceeding"). (Fink Aff. ¶ 7.). None of the Defendants are parties to the Delaware Removal Proceeding. (Griffin Aff. ¶ 10; Molella Aff. ¶ 9; Holcombe Aff. ¶ 8.).

Pamela purports to bring the present action "on behalf of herself and others, as executrix and personal representative for the period in question and Delaware Ancillary Administrator for the Agnes Carvel Estate ('Estate'), London, England, and as sole Member of the Thomas and Agnes Carvel Foundation…." (Am. Compl. p. 1.).

### B.    The Delaware District Court Litigation

In May 2007, Pamela brought three proceedings in this Court.   The first, *Agnes Carvel Estate v. Carvel Corp.*, File No. 1:07-cv-00237-JJF, seeks payment of rent by Carvel Corp., a Delaware Corporation, in respect of a parcel of real property that the Westchester Surrogate's Court awarded to the Foundation in 2002. The second, *Agnes Carvel Estate v. Leonard Ross*, File No. 1:07-cv-00238-JJF, seeks, *inter alia*, an award of damages from the New York ancillary administrator of Agnes Carvel's Estate, to "disaffirm" his actions in that capacity, and to "disqualify" the Surrogate from hearing further Carvel litigation matters.

Third and finally, Pamela brought this action against Mr. Griffin, Mrs. Holcombe and Mr. Molella.

### C.    Jurisdictional Allegations

The only specific allegations of Delaware conduct included in the Amended Complaint are Pamela's allegations that:

- "Delaware is the correct venue because the apparent frauds, including perjured statements to the Delaware Chancery [sic] … were intended to prevent the recovery of the value of Agnes' Delaware corporate interests, the most substantial asset claimed by Plaintiffs." (Am. Compl. ¶ 13.);

---

has incurred, purportedly as a fiduciary of Agnes's Estate, paid out of a trust responsible for Estate administration expenses. (Fink Aff. ¶ 8, Exh. 7.).

- "On information and belief, [Messrs. Griffin and Molella] retained, directed and authorized payment of Delaware attorneys to thwart by perjury Agnes Carvel's claims and rights under Delaware law." (Am. Compl. ¶¶ 18, 20.).

She also alleges generally that the Defendants have acted in such a way as to interfere with the administration of the Delaware ancillary estate and that "Defendants' acts that defrauded Agnes Carvel also defrauded Delaware State government, Delaware creditors, and Delaware contract obligations owed by Agnes Carvel." (Am. Compl., ¶ 13.).

Pamela does not allege any conduct in the State of Delaware by Mrs. Holcombe.

### D.    The Andreas Proceeding

In September 1995, Pamela and Agnes Carvel brought a proceeding against Andreas Holdings Corp. ("Andreas") and Betty Godley (Agnes's consanguine niece, and one of the Executors of Thomas's Estate) in the Delaware Court of Chancery. They sought, *inter alia*, a declaration that Agnes was the sole owner of the common stock of Andreas, a Delaware Corporation. (Fink Aff. ¶ 15, Exh. 20.). They took this position despite the fact that the Executors of Thomas's Estate, including both Pamela and Agnes, had identified the stock of Andreas as an Estate asset in the Estate's Form 706 Federal Estate Tax Return and a subsequently-filed fiduciary accounting. (Fink Aff. ¶ 15, Exhs. 21 and 22.). The Foundation was not made a party to the Andreas Proceeding and did not otherwise appear in the Proceeding. (Fink Aff. ¶ 15.).

Lawrence Fay, now deceased, submitted an affidavit in the Andreas Proceeding as attorney for Robert Davis in Mr. Davis's capacity as an Executor of Thomas's Estate.[5] (Fink Aff. ¶ 16, Exh. 23.). Mr. Fay was also outside general counsel to the Foundation. He did not,

---

[5] Mr. Davis was also a Member, Director and Officer of the Foundation at the time.

9

however, submit his affidavit or otherwise participate in the Andreas Proceeding in that capacity. (*Id.* ¶ 1.).

In his affidavit, Mr. Fay stated that the Andreas stock ownership issue would need to be adjudicated in connection with certain issues raised in ongoing proceedings in the Westchester Surrogate's Court. (*Id.* ¶ 13.). Based on this statement and the other facts before it, the Court of Chancery stayed the Andreas Proceeding pending a determination by the Surrogate's Court as to the ownership of Andreas. *Carvel v. Andreas Holdings Corp.*, 698 A.2d 375 (Del. Ch. 1995). The Court of Chancery also made clear that "[s]hould a prompt hearing [in the Surrogate's Court] not be possible, resulting in the governance of Andreas being placed in a state of limbo or uncertainty for an unreasonable or indefinite period of time, the plaintiffs may apply to this Court to lift the stay." *Id.* at 379 n.2. The Andreas stock ownership issue was not adjudicated in the Westchester Surrogate's Court proceedings. Nor did Pamela or Agnes Carvel ever move to lift the stay of the Andreas Proceeding. (Fink Aff. ¶ 17.).

## ARGUMENT

The Amended Complaint should be dismissed because: (i) this Court lacks personal jurisdiction over the Defendants; and (ii) Pamela has failed to properly effect service of process on the Defendants.

## I.

### This Court Lacks Personal Jurisdiction Over The Defendants

Plaintiff has the burden of establishing "with reasonable particularity" that jurisdiction exists. *See ICT Pharms., Inc. v. Boehringer Ingelheim Pharms, Inc.*, 147 F. Supp. 2d 268, 270-71 (D. Del. 2001). This is a two-step inquiry. First, Plaintiff must establish that the Defendants have sufficient contact with Delaware under its long-arm statute so as to invoke *in personam* jurisdiction. Second, Plaintiff must establish that the exercise of such jurisdiction would

10

comport with the Due Process Clause of the United States Constitution. *Reach & Assocs., P.C. v. Dencer*, 269 F. Supp. 2d 497, 502 (D. Del. 2003).

"Once a defendant properly raises the jurisdictional defense, the plaintiff has the burden of establishing by a preponderance of the evidence that minimum contacts have occurred." *Resource Ventures, Inc. v. Resources Mgmt. Int'l, Inc.*, 42 F. Supp. 2d 423, 431 (D. Del. 1999). Plaintiff must sustain her burden of proof "through sworn affidavits or other competent evidence." *Id.* (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984)); *Sanitec Indus., Inc. v. Sanitec Worldwide, Ltd.*, 376 F. Supp. 2d 571, 573 (D. Del. 2005). Bare pleadings and allegations are not enough. *Stranahan Gear Co. v. NL Indus., Inc.*, 800 F.2d 53, 58 (3d Cir. 1986).

Plaintiff has not satisfied, and cannot satisfy, either prong of the jurisdictional inquiry. Accordingly, her Amended Complaint should be dismissed.

## A.    The Defendants Are Not Subject to this Court's Jurisdiction under the Delaware Long-Arm Statute

Before reaching the Constitutional inquiry, the Court must first determine whether there is a statutory basis for jurisdiction under Delaware's long-arm statute. *Bell Helicopter Textron Inc. v. C&C Helicopter Sales, Inc.*, 295 F. Supp. 2d 400, 403 (D. Del. 2002); *Jeffreys v. Exten*, 784 F. Supp. 146, 151 (D. Del. 1992). Delaware's long-arm statute provides, in relevant part:

(c)    As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:

(1)    Transacts any business or performs any character of work or service in the State;

(2)    Contracts to supply services or things in this State;

(3)    Causes tortious injury in the State by an act or omission in this State;

(4)    Causes tortious injury in the State or outside of the State by an act or

11

omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

(5)     Has an interest in, uses or possesses real property in the State; or

(6)     Contracts to insure or act as surety for or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

10 *Del. C.* § 3104(c) (2007).

Section (j) of the long-arm statute provides: "When jurisdiction over a person is based solely upon this section, only a cause of action arising from any act enumerated in this section may be asserted against the person." 10 *Del. C.* § 3104(j); *see also Hercules Inc. v. Leu Trust and Banking (Bahamas) Ltd*, 611 A.2d 476, 483 n.10 (Del. 1992) (stating that § 3104(j) "protects a nonresident defendant from claims wholly unrelated to the acts upon which service of process is based."). Thus, personal jurisdiction may be asserted over a single act in Delaware only if the resulting claim has its basis in the asserted transaction. *Jeffreys*, 784 F. Supp. at 151.

Plaintiff has failed to establish any basis for the Court to exercise jurisdiction over the Defendants. There is none. In fact, the only particularized allegations of Delaware conduct by the Defendants are that Messrs. Griffin and Molella allegedly "retained, directed and authorized payment of Delaware attorneys to thwart by perjury Agnes Carvel's claims and rights under Delaware law." (Am. Compl. ¶¶ 18, 20.). Even if Plaintiff were able to come forward with evidence to support this allegation – and she cannot – this single act could not provide a basis for the Court to exercise personal jurisdiction over the Defendants for the reasons discussed below.

1.     Plaintiff Has Failed To Establish That The Court Has General Jurisdiction Over Defendants

Plaintiff has not pled and cannot establish a continuous pattern of contacts that could support the Court's exercise of general jurisdiction over any of the Defendants.

> Subsection (c)(4) [of the Delaware long-arm statute] . . . creates "general" jurisdiction in cases where the cause of action is unrelated to the relevant Delaware contacts. General jurisdiction under subsection (c)(4) requires a greater, more continuous pattern of contacts with the forum than does "single act" jurisdiction under subsection (c)(1), (2), or (3). The "tradeoff" for this stricter requirement is that the activities which create that general presence need not be the basis for the plaintiff's cause of action.

*Computer People, Inc. v. Best Intern. Group, Inc.*, Civ. A. No. 16648, 1999 WL 288119, at \*5 (Del. Ch. Apr. 27, 1999); *see also Multi-Fineline Electronix, Inc. v. WBL Corp. Ltd.*, Civ. A. No. 2482-N, 2007 WL 431050, at \*7 (Del. Ch. Feb. 2, 2007).

In this Circuit, a plaintiff must meet a "much higher threshold" than mere minimum contacts in order to show general jurisdiction. *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982) (citation omitted). The plaintiff must establish, "through extensive and persuasive facts, that defendant has maintained continuous and substantial affiliations with the forum state." *Ware v. Ball Plastic Container Corp.*, 432 F. Supp. 2d 434, 438 (D. Del. 2006). *See also Reliance Steel Prods.*, 675 F.2d at 589; *Telcordia Techs., Inc. v. Alcatel S.A.*, Civ. A No. 04-874 GMS, 2005 WL 1268061, at \*1 (D. Del. May 27, 2005) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984)). "[S]ingle or isolated items of activities in a state in the corporation's behalf are not enough to subject it to suit on causes of action unconnected with the activities there." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945).

Plaintiff has not alleged and cannot establish facts demonstrating that the Court has general jurisdiction over the Defendants. None of the Defendants live in Delaware, work in Delaware, regularly do or solicit business in Delaware, derive substantial revenue from services, or things used or consumed in Delaware, or engage in any other persistent course of conduct in Delaware. (Griffin Aff. ¶¶ 4, 11; Molella Aff. ¶¶ 3, 10; Holcombe Aff. ¶¶ 3, 9.). Indeed Plaintiff

13

has not alleged a single instance of Delaware conduct by Mrs. Holcombe. Thus, the requirements articulated in section (c)(4) of Delaware's long arm statute are not satisfied, and the Court does not have general jurisdiction over the Defendants.

Absent general jurisdiction under section (c)(4), Plaintiff's allegations that the effects of the Defendants' conduct outside Delaware was felt in Delaware cannot establish jurisdiction. *Computer People*, 1999 WL 288119, at *5. Under Delaware's long-arm statute, only section (c)(4) provides for jurisdiction based on acts outside the State that cause injury within the State. 10 *Del. C.* § 3104(c).

>   2.   Plaintiff Has Failed To Establish That The Court Has Specific Jurisdiction Over The Defendants

Because she cannot establish general jurisdiction, Plaintiff must demonstrate a particularized basis for the Court to exercise specific jurisdiction over Defendants. Thus, she must demonstrate that the Defendants engaged in Delaware conduct that serves as the basis for her claims. *Computer People*, 1999 Wl 288119, at *5. She again has not satisfied and cannot satisfy this burden.

Plaintiff does not allege any Delaware conduct by Mrs. Holcombe. Thus, the Court lacks jurisdiction over Mrs. Holcombe and should dismiss the claims against her.

The only Delaware conduct alleged against Messrs. Griffin and Molella, as discussed above, is that they "retained, directed and authorized payment of Delaware attorneys to thwart by perjury Agnes Carvel's claims and rights under Delaware law." (Am. Compl. ¶¶ 18, 20.). While Plaintiff does not specify the proceeding in which she claims that they engaged in this conduct, it

14

appears that she is referring to the Andreas Proceeding. She has claimed elsewhere that Mr.

Fay's affidavit submitted in that proceeding was "perjured."[6] (Fink Aff. Exh. 6, ¶ 96.).

Mr. Fay's allegedly perjured statements in the Andreas Proceeding cannot serve as a

basis to exercise jurisdiction over the Defendants for the simple reason that they did not make the

statements, and the statements were not made on their behalf. None of the Defendants were

parties to the Andreas proceeding, nor did they otherwise appear in that proceeding. (Griffin

Aff., ¶ 9; Molella Aff., ¶ 8.). Thus, Mr. Fay's affidavit cannot provide the Court with a basis to

exercise jurisdiction over the Defendants.

Even if the statements in Mr. Fay's affidavit were somehow imputed to the Foundation

(and there is no basis to do so), this could not justify exercising jurisdiction over Mr. Griffin or

Mr. Molella. In order for a corporation's participation in a lawsuit to provide a basis for the

exercise of jurisdiction over corporate representatives, those individuals must at the least have

authorized the litigation activity and have had actual contact with the State in connection with

the litigation activity. *Mobil Oil Corp. v. Advanced Envtl. Recycling Techs. Inc.*, 833 F. Supp.

437, 444 (D. Del. 1993);[7] *see also Saft Am., Inc. v. Ovonic Battery Co., Inc.*, Civ. A. No. 95-430-

SLR, 1996 U.S. Dist. LEXIS 5068, at \*9 (D. Del. Mar. 25, 1996) (concluding that the court

lacked personal jurisdiction where defendants assisted in filing lawsuit but had no actual contact

with the state). Neither of these criteria are met here. Because Mr. Fay did not appear in the

---

[6] She has done so without even attempting to show that Mr. Fay did not believe the statements in his affidavit to be true when made.

[7] In *Mobil Oil*, the Court exercised personal jurisdiction over two defendants in connection with counterclaims asserted against them in a lawsuit (1) which they had both authorized, and (2) for which they had both traveled to Delaware. Even in those circumstances, the Court was careful to explain that its holding was "limited to the facts presented by this case, *i.e.*, where a corporate officer authorizes the filing of lawsuit [sic] on behalf of a corporation, and the defendant of that lawsuit counterclaims, with the subject of the counterclaim being the lawsuit itself." *Mobil Oil*, 833 F.Supp. at 447. Those circumstances are not present here, and the facts here do not support extending *Mobil Oil* beyond its limited holding.

15

Andreas Proceeding on behalf of the Foundation, there can be no argument that Mr. Griffin or Mr. Molella authorized the filing of his affidavit. Nor did any of the Defendants travel to Delaware or otherwise have contact with the State in connection with the Andreas Proceeding. Thus, Mr. Fay's affidavit in the Andreas Proceeding could not provide a predicate for the Court to exercise jurisdiction over the Defendants even if his statements were imputed to the Foundation. *Mobil Oil*, 833 F.Supp. at 444; *Saft Am.*, 1996 U.S. Dist. LEXIS 5068, at *9.

If Pamela argues that the Delaware Removal Proceeding provides a basis for the Court to exercise jurisdiction over the Defendants, this argument too must fail. The Delaware Removal Proceeding was brought by the Foundation, not the Defendants individually. Moreover, none of the Defendants has appeared in Delaware for purposes of that proceeding. For these reasons alone, the pendency of the Delaware Removal Proceeding cannot provide a predicate for the Court to exercise jurisdiction over the Defendants. *Mobil Oil*, 833 F. Supp. at 444; *Saft Am.*, 1996 U.S. Dist. LEXIS 5068, at *9; *see also Sanitec Indus. Inc.*, 376 F. Supp. 2d at 574 (being an officer in a Delaware corporation, filing UCC financial statements, and involvement in state litigation insufficient to establish jurisdiction); *Reach & Assocs., P.C.*, 269 F. Supp. 2d at 504 (filing of incorporation papers for Delaware company insufficient to establish jurisdiction); *Resource Ventures, Inc.*, 42 F. Supp. 2d at 434 (dissolving and incorporating Delaware corporation insufficient to establish jurisdiction); *Tristrata Tech., Inc. v. Neoteric Cosmetics, Inc.*, 961 F. Supp. 686, 690 (D. Del. 1997) (being sole shareholder/representative).

In any event, the filing of the Delaware Removal Proceeding is not actionable, and thus cannot serve as the basis for jurisdiction. Even if Pamela were to come forward with evidence demonstrating particularized mis-statements in the pleading – and she cannot – the statements in the pleading are afforded absolute immunity under Delaware law. *Hoover v. Van Stone*, 540 F.Supp. 1118, 1121 (D. Del. 1982); *Barker v. Huang*, 610 A.2d 1341, 1345-46 (Del. 1992).

16

Moreover, particularly given the High Court's recent removal of Pamela from her status as UK executrix of Agnes's estate, she has no basis even to allege that bringing the Delaware Removal Proceeding amounts to malicious prosecution or abuse of process under Delaware law. *See, e.g.*, *Barker v. Huang*, Civ. A. No. 90C-MY-250, 1991 Del. Super. LEXIS 92, at *13-14 (Del. Super. Ct. Feb. 22, 1991), partially vacated on other grounds, *Barker v. Huang*, 610 A.2d 1341, 1345 (Del. 1992); *Shaffer v. Davis*, Civ. A. No. 89C-MY20, 1990 Del. Super LEXIS 217, at *3-4 (Del. Super. Ct. June 12, 1990).

### B.    Exercising Jurisdiction over the Defendants Would Be Contrary To The Due Process Clause of The Constitution

Because Plaintiff has not alleged facts sufficient to subject the Defendants to personal jurisdiction under Delaware's long-arm statute, the Court need not determine whether exercising jurisdiction over the Defendants would be constitutional. *See Tristrata Tech., Inc.*, 961 F. Supp. at 691. If the Court were to conduct the Constitutional inquiry, however, the record compels the conclusion that the Defendants do not have sufficient contacts with Delaware to subject them to suit in this state.

To meet the constitutional requirement, Plaintiff must establish that Defendants have sufficient "minimum contacts" in Delaware "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Brinn v. McCracken Fin. Servs., Inc.*, Civ. A. No. 95-542-SLR, 1996 U.S. Dist. LEXIS 2097, at *9 (D. Del. Feb. 20, 1996) (citing *Int'l Shoe Co.*, 326 U.S. at 316 (citations omitted)). Further, Plaintiff must demonstrate that Defendants "purposefully avail[ed] [themselves] of the privilege of conducting activities" within Delaware. *Id.* at *10 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Plaintiff's only allegation that the Defendants have done *anything* to purposefully avail themselves of the privilege of conducting activities in Delaware is her incorrect allegation that

Messrs. Griffin and Molella retained counsel to commit perjury in the Delaware Chancery Court. Mr. Fay's affidavit, however, which appears to be the subject of her allegations, was not submitted on behalf of Mr. Griffin or Mr. Molella as discussed above, and cannot serve to establish minimum contacts consistent with traditional notions of fair play and substantial justice. Thus, the minimum contacts required by the United States Constitution as a predicate to the exercise of personal jurisdiction are absent. For this reason too the Complaint should be dismissed.

Plaintiff candidly admits in her Amended Complaint that she chose this Court as the venue for her lawsuit against the Defendants because "[o]nly Delaware is far enough removed from the political quagmire in New York to provide a fair platform for discovery." (Am. Compl. ¶ 140; *see also* Am. Compl. ¶ 16.). Her effort to litigate with the Defendants in a jurisdiction with which they have no meaningful contacts should be rejected, and her claims against the Defendants should be dismissed with prejudice.

## II.

### **Plaintiff Did Not Effect Proper Service Upon The Defendants**

The Complaint should also be dismissed for failure to effect proper service. Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, service of a summons and complaint upon an individual from whom a waiver has not been obtained may be effected in any judicial district in the United States only: (1) "pursuant to the law of the state in which the district court is located, or in which service is effected. . .;" or (2) "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein" or by delivering a copy to an authorized agent for service of process. Fed. R. Civ. P.

4(e). Plaintiff has not satisfied either of these requirements, and her Amended Complaint should be dismissed for this reason as well.

Under the law of the state in which the district court is located (*i.e.*, Delaware) service upon the individual personally or upon a person of suitable age and discretion is required for proper service. Del. Super. Ct. R. Civ. P. 4(f)(1)(I). Service by certified mail is insufficient. *Shipley v. Orndoff*, 491 F. Supp. 2d 498, 502-503 (D. Del. 2007).

Similarly, under the laws of the states in which Plaintiff attempted to effect service (*i.e.*, New York and Florida), proper service is effected by personal service upon the defendant, or upon a person of suitable age and discretion in the person's abode. *See* New York's Civil Practice Law and Rules ("CPLR") § 308; Fla. Stat. § 48.031. In New York, personal service may also be effected by personally delivering a copy of the summons and complaint to a person of suitable age and discretion at the defendant's usual place of business. CPLR § 308. Mailing the summons and complaint to an individual defendant by certified mail alone is insufficient in both New York and Florida, absent waiver of the service defect. CPLR § 308[8]; Fla. Stat. § 48.031; *Ross v. United States*, 574 F. Supp. 536, 540 (S.D.N.Y. 1983) (concluding under the Federal Rules and the CPLR that "service by certified mail alone was improper"); *Henzel v. Noel*, 598 So. 2d 220, 222 (Fla. Dist. Ct. App. 1992) (concluding that service was improper when not served personally on the defendant or to someone fifteen years of age or older living at defendant's residence). The Federal Rules similarly do not permit service by mail. Fed. R. Civ. P. 4(e); *Ross*, 574 F.Supp. at 540.

---

[8] In limited circumstances, service is proper under New York law if the summons and complaint are mailed, but also affixed to the door of the defendant's residence or place of business. CPLR § 308(4). These circumstances are not present here, and Pamela has not attempted to utilize this method of service.

Mr. Griffin and Mrs. Holcombe both received a copy of the summons and Amended Complaint by certified mail in New York. (Griffin Aff. ¶ 6; Holcombe Aff. ¶ 5.). Mr. Molella received a copy of the summons and Amended Complaint by certified mail in Florida. (Molella Aff. ¶ 5.). None of the Defendants were personally served with a copy of the summons and complaint, nor was a copy served upon a person of suitable age at their place of business, dwelling, or usual place of abode. (Griffin Aff. ¶ 7; Holcombe Aff. ¶ 6; Molella Aff. ¶ 6.).

Accordingly, under the law of the states in which service was effected, the law of the state in which the district court is located, and the Federal Rules, service was improper. Defendants did not and do not waive the defects in service. (Griffin Aff. ¶ 8; Holcombe Aff. ¶ 7; Molella Aff. ¶ 7.). The Amended Complaint should be dismissed for this reason as well.

## CONCLUSION

For the foregoing reasons, Defendants William Griffin, Marie Abplanalp Holcombe and Salvador Molella respectfully request that the Court dismiss the Amended Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), and grant such other relief as the Court may deem proper and just.

        W. Donald W. Sparks, II (#2646)
        sparks@rlf.com
        Chad M. Shandler (#3796)
        shandler@rlf.com
        Jameson A.L. Tweedie (#4927)
        tweedoe@rlf.com

*Of Counsel:*        Richards, Layton & Finger, P.A.
Steven J. Fink        One Rodney Square, P.O. Box 551
Orrick, Herrington & Sutcliffe LLP  Wilmington, DE 19801
666 Fifth Avenue      (302) 651-7700
New York, NY 10103
(212) 506-5000       *Attorneys for Defendants William Griffin,*
        *Marie Abplanalp Holcombe, and Salvador*
Dated: October 9, 2007   *Molella*

20

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2007, a copy of the foregoing was electronically filed and was also caused to be served on the following as indicated:

### VIA FEDERAL EXPRESS

Pamela Carvel
28 Old Brompton Road, Suite 158
London SW7 3SS
England
United Kingdom

Jameson A.L. Tweedie (#4927)
tweedie@rlf.com