IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Pamela Carvel, as Citizen, as Delaware Ancillary Administrator for Agnes Carvel Estate, as Member for Thomas and Agnes Carvel Foundation <br><br> Plaintiffs <br><br> v. <br><br> William Griffin, Marie Abplanalp, Salvatore Molella, Robert Davis and John/Jane Doe 1-20 Doe Corp. 1-20 <br><br> Defendants | C.A. No. 07-CV-00273 |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS WILLIAM GRIFFIN'S, MARIE ABPLANALP HOLCOMBE'S AND SALVADOR MOLELLA'S MOTION TO DISMISS**

W. Donald W. Sparks, II (#2646)
sparks@rlf.com
Chad M. Shandler (#3796)
shandler@rlf.com
Jameson A.L. Tweedie (#4927)
tweedie@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19801
(302) 651-7700

*Of Counsel:*

Steven J. Fink
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103
(212) 506-5000

*Attorneys for Defendants William Griffin, Marie Abplanalp Holcombe, and Salvador Molella*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....................................................................................... ii

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT .................................................................................................................. 1

I.    PAMELA HAS NOT MET HER BURDEN OF ESTABLISHING
      THAT THIS COURT HAS JURISDICTION OVER THE
      DEFENDANTS. ................................................................................................. 1

      A.    The Defendants Are Not Subject To This Court's Jurisdiction
            Under The Delaware Long-Arm Statute. ............................................ 3

      B.    Exercising Jurisdiction Over The Defendants Would Be
            Contrary To The Due Process Clause Of The Constitution. ............ 4

      C.    The Defendants Are Not Subject To This Court's Jurisdiction
            Under The RICO Statute. ...................................................................... 5

II.   THE COMPLAINT SHOULD BE DISMISSED FOR DEFECTIVE
      SERVICE. ............................................................................................................ 6

CONCLUSION .............................................................................................................. 8

RLF1-3223936-1

# TABLE OF AUTHORITIES

## CASES

*Brinn v. McCracken Fin. Servs., Inc.,*
C.A. No. 95-542-SLR, 1996 U.S. Dist. LEXIS 2097 (D. Del. Feb. 20, 1996)................................4

*Christ v. Cormick,*
C.A. No. 06-275-GMS, 2007 U.S. Dist. LEXIS 49825 (D. Del. Jul. 10, 2007)...............................2

*Ciriello v. U.S. Supreme Court,*
C.A. No. 02-1396-JJF, 2003 U.S. Dist. LEXIS 14107 (D. Del. Aug. 12, 2003) ............................2

*Computer People, Inc. v. Best Int'l Grp., Inc.,*
C.A. No. 16648, 1999 WL 288119 (Del. Ch. Apr. 27, 1999)...........................................................3

*Grumbkow v. Walt Disney Co.,*
C.A. No. 06 489 JJF, 2007 U.S. Dist. LEXIS 11975 (D. Del. Feb. 20, 2007) ................................2

*Resource Ventures, Inc. v. Resources Mgmt. Int'l, Inc.,*
42 F. Supp. 2d 423 (D. Del. 1999)...................................................................................................1

*Saft Am., Inc. v. Ovonic Battery Co., Inc.,*
C.A. No. 95-430-SLR, 1996 U.S. Dist. LEXIS 5068 (D. Del. Mar. 25, 1996) ..............................4

*Sanitec Indus., Inc. v. Sanitec Worldwide, Ltd.,*
376 F. Supp. 2d 571 (D. Del. 2005).................................................................................................2

*Stranahan Gear Co., Inc. v. NL Indus., Inc.,*
800 F.2d 53 (3d Cir. 1986)...............................................................................................................2

*In re Tamoxifen Cirate Antitrust Litig.,*
262 F. Supp. 2d 17 (E.D.N.Y. 2003) ...............................................................................................5

*Thompson v. Target Stores,*
501 F. Supp. 2d 601 (D. Del. 2007)..............................................................................................6, 7

*Virgin Wireless, Inc. v. Virgin Enters., Ltd.,*
201 F. Supp. 2d 294 (D. Del. 2002)..................................................................................................2

## STATUTES

28 U.S.C. § 1391(d) ..........................................................................................................................5

18 U.S.C. § 1965(a) ..........................................................................................................................5

Fed. R. Civ. P. 4(m) ............................................................................................................6

RLF1-3223961-1

## PRELIMINARY STATEMENT

Defendants William Griffin, Marie Abplanalp Holcombe and Salvador Molella (the "Defendants") respectfully submit this Reply Brief in support of their motion to dismiss. Plaintiff Pamela Carvel ("Pamela") has failed to establish by competent evidence any basis for this Court to exercise personal jurisdiction over the Defendants. Instead, she has again used a Court filing as an excuse to make outrageous and unfounded accusations against the Defendants. *See, e.g.*, Pamela's Affidavit in Opposition to Defendants' Motion to Dismiss and in Support of Plaintiffs' Motion to Appoint a Receiver ("Pamela's Affidavit"), ¶ 14 (accusing Defendants of bribery and burglary); ¶ 16 (describing Defendants as "New York identity thieves").[1] In light of the Court's patent lack of personal jurisdiction over the Defendants, it should grant their motion and dismiss this action with prejudice.

## ARGUMENT

### I.   PAMELA HAS NOT MET HER BURDEN OF ESTABLISHING THAT THIS COURT HAS JURISDICTION OVER THE DEFENDANTS.

Pamela has failed to meet her burden of establishing with reasonable particularity that minimum contacts exist so as to meet the requirements of both Delaware's long-arm statute and the Due Process Clause of the United States Constitution, or that jurisdiction exists over the Defendants under any other statutory provision.[2] *Resource Ventures, Inc.*

---

[1] These accusations are categorically denied. Defendants will not dignify these or Ms. Carvel's other accusations of non-Delaware conduct – which are scattered liberally throughout her Affidavit – with a response except to deny them. They have no bearing on the jurisdictional issue before the Court.

[2] Pamela cites Delaware state court authority for the proposition that she need make only a *prima facie* showing that jurisdiction exists. *See, e.g.*, Pamela's Affidavit, ¶ 31. The better view is that this showing must be made a "preponderance of the

1

*v. Resources Mgmt. Int'l, Inc.*, 42 F. Supp. 2d 423, 431 (D. Del. 1999); *Grumbkow v. Walt Disney Co.*, C.A. No. 06 489 JJF, 2007 U.S. Dist. LEXIS 11975, at *4-5 (D. Del. Feb. 20, 2007). While she makes a number of broad, conclusory assertions that Defendants have engaged in misconduct directed at the State of Delaware, Pamela fails to say what any of them actually did in the State that could justify the Court in exercising jurisdiction over them. *See, e.g.*, Pamela's Affidavit, ¶¶ 19-21. In fact, despite her assertion that "Marie Abplanalp Holcombe is indeed included in the term 'Defendants' in all statements of claims and jurisdiction" (Pamela's Affidavit, ¶ 19), she has not alleged a single Delaware act by Mrs. Holcombe.

Pamela's bare allegations are insufficient to meet the "particularity" standard. *Stranahan Gear Co., Inc. v. NL Indus., Inc.*, 800 F.2d 53, 58 (3d Cir. 1986). Moreover, Pamela submits only her own, unsworn "affidavit" in opposition to Defendants' motion. Thus, she fails to meet her obligation to establish "through sworn affidavits or other competent evidence" that jurisdiction exists. *Id.* (citing *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984)). For all of these reasons, Defendants' motion to dismiss Pamela's Amended Complaint should be granted.

---

evidence." *Sanitec Indus., Inc. v. Sanitec Worldwide, Ltd.*, 376 F. Supp. 2d 571, 573 (D. Del. 2005) ("Once a defendant properly raises the jurisdictional defense, the plaintiff has the burden of establishing by a preponderance of the evidence that minimum contacts have occurred.") (citing *Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990)); *Virgin Wireless, Inc. v. Virgin Enters., Ltd.*, 201 F. Supp. 2d 294, 298 (D. Del. 2002) ("[T]he plaintiff must come forward with facts sufficient to establish by a preponderance of the evidence that the court can exercise personal jurisdiction over the defendant."); *Ciriello v. U.S. Supreme Court*, C.A. No. 02-1396-JJF, 2003 U.S. Dist. LEXIS 14107, at *5 (D. Del. Aug. 12, 2003) (same). However, even if the Court finds that Pamela need only make a *prima facie* showing of jurisdiction, the law is clear that she must do so by competent evidence of particularized conduct that supports the Court's exercise of jurisdiction over the Defendants. *See Christ v. Cormick*, C.A. No. 06-275-GMS, 2007 U.S. Dist. LEXIS 49825, at *8 (D. Del. Jul. 10, 2007). She has failed to do so.

A.    **The Defendants Are Not Subject To This Court's Jurisdiction Under The Delaware Long-Arm Statute.**

Pamela has made no effort to disprove Defendants' sworn statements that they do not regularly do or solicit business, engage in any other persistent course of conduct, or derive substantial revenue from services, or things used or consumed in the State of Delaware. Accordingly, the Court lacks general jurisdiction over the Defendants pursuant to 10 Del. C § 3104(c)(4), and Pamela must demonstrate that the Defendants engaged in particularized conduct in Delaware that provides a basis for her claims against them. *See Computer People, Inc. v. Best Int'l Grp., Inc.*, C.A. No. 16648, 1999 WL 288119, at *5 (Del. Ch. Apr. 27, 1999); *see generally* Opening Brief at pg. 12-14.

Pamela fails to meet her burden to show that the Defendants engaged in Delaware conduct establishing sufficient contacts with the State so as to permit the Court to exercise jurisdiction over them. The closest that Pamela comes to making a particularized allegation in her Affidavit is her assertion that "Pamela Carvel heard Lawrence Fay (Defendants' alleged general counsel) and David Jewell (Defendants' alleged special counsel) admit that the stay was a hoax on the Delaware Court of Chancery because the Andreas issue was not before the Surrogate – and never would be before the Surrogate. On information and belief, others recorded these conversations." Pamela's Affidavit, ¶ 9. She apparently refers to the stay of the Andreas Action discussed in Defendants Opening Brief at pages 9-10.

Pamela conveniently makes this unfounded accusation about a conversation between two people who are now deceased. *See* Affidavit of Steven J. Fink, sworn to on November 13, 2007 ("November Fink Aff."), ¶ 2. Even crediting Ms. Carvel's absurd, hearsay rendition of this supposed conversation, it could not provide a basis to exercise

3

jurisdiction over the Defendants. As Pamela stated in her Amended Complaint, "[t]his action is against Defendants as **individuals. . . .**" Amended Complaint, ¶ 2 (emphasis in original). Pamela makes no effort to show that the individual Defendants had anything to do with the supposed "hoax," not to mention that they authorized it.[3] Thus, this allegation cannot serve as a basis for the Court to exercise jurisdiction over the Defendants. *See, e.g., Saft Am., Inc. v. Ovonic Battery Co., Inc.*, C.A. No. 95-430-SLR, 1996 U.S. Dist. LEXIS 5068, at *9 (D. Del. Mar. 25, 1996); *see generally* Opening Brief at pages 15-16.

**B.    Exercising Jurisdiction Over The Defendants Would Be Contrary To The Due Process Clause Of The Constitution.**

Pamela has not alleged with any degree of particularity facts that could establish that Defendants have "minimum contacts" in Delaware "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Brinn v. McCracken Fin. Servs., Inc.*, C.A. No. 95-542-SLR, 1996 U.S. Dist. LEXIS 2097, at *10 (D. Del. Feb. 20, 1996) (citation omitted). To the contrary, "notions of fair play and substantial justice" require that this Court grant the Defendants' motion to dismiss. It is clear not only from Pamela's spurious (and often offensive) affidavit, but also from her relentless pattern of litigation (*see* Affidavit of Steven J. Fink dated October 9, 2007 ("October Fink Aff."), D.I. No. 17 at ¶¶ 9-14) that Pamela is improperly using the judicial process – including this Court's processes – to assert baseless claims as part of

---

[3] Apparently in an effort to impute the supposed "hoax" to Mr. Griffin and Mr. Molella as Foundation Directors, Ms. Carvel states that Mr. Fay was a Foundation Member and Director. He did not hold either position when he submitted his affidavit in the Andreas Action in September 1995. Mr. Fay first became a Foundation director in February 1997. He first became a Member of the Foundation in March 1998. Affidavit of Karen Springfield, sworn to on November 9, 2007, ¶ 3. He was never a Foundation officer.

4

her all-out campaign against the Foundation and its representatives.  This is the opposite of "fair play and substantial justice," and the Court should dismiss her complaint for this reason as well.

### C.    The Defendants Are Not Subject To This Court's Jurisdiction Under The RICO Statute.

Finally, setting aside the absurdity of Pamela's Federal RICO claims, there is no basis for the Court to exercise personal jurisdiction over the Defendants under the RICO statute either.  Although Pamela states in her affidavit that "claims by an 'alien' can be brought in any jurisdiction" under "federal civil RICO" statutes (Pamela's Affidavit ¶ 31), this is not the case.  By federal statute, an alien can *be sued* in any district, but an alien is not allowed *to sue* a defendant in any district.  28 U.S.C. § 1391(d).  *See also In re Tamoxifen Cirate Antitrust Litig.*, 262 F. Supp. 2d 17, 21 n.5 (E.D.N.Y. 2003).  Instead, under the RICO statute, 18 U.S.C. § 1965(a), a RICO action "may be instituted in the district court of the United States for any district in which [the defendant] resides, is found, has an agent, or transacts his affairs."  18 U.S.C. § 1965(a).  There is no jurisdiction over Defendants under this provision.  As discussed in greater detail above and in the Defendants' Opening Brief and the Affidavits submitted in connection therewith (D.I. Nos. 14-16), Defendants do not have any jurisdictional connections to Delaware.  In response, Pamela makes no effort to establish that they are found, have agents, or transact their affairs in the State.  Accordingly, she has again failed to demonstrate that the Court has personal jurisdiction over the Defendants.

In short, Pamela has failed to demonstrate that there is any basis for the Court to exercise personal jurisdiction over the Defendants.  There is none, and her complaint should be dismissed accordingly.

5

## II.    THE COMPLAINT SHOULD BE DISMISSED FOR DEFECTIVE SERVICE.

In addition to the obvious jurisdictional defects, service was never properly effected on the Defendants. *See* Opening Brief at pp. 19-21. Pamela's contention that the Court should overlook the defects in service on the theory that the Defendants have actual notice is not persuasive. "The United States Court of Appeals for the Third Circuit has stated that 'the failure of the plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case.' Notice of a claim is not sufficient to establish personal jurisdiction." *Thompson v. Target Stores*, 501 F. Supp. 2d 601, 602-03 (D. Del. 2007) (granting defendant's motion to dismiss *pro se* plaintiff's complaint for service defects) (citing *Ayres v. Crumplar P.A.*, 99 F.3d 565, 569 (3d Cir. 1996)). The same principle applies here where Pamela failed to effect proper service of process.

Nor should the Court grant Pamela an extension of time in which to complete service. Pamela does not dispute that service was ineffective. Under the Federal Rules:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Pamela has not demonstrated "good cause" for the failure to serve within the time prescribed by Fed. R. Civ. P. 4(m). She has already had a full opportunity to serve the Defendants with process. While Pamela attempts to plead ignorance as a *pro se* litigant, she has been extensively involved in Carvel litigation for many years, often in a *pro se* capacity, and has ample familiarity with litigation process

6

and the Federal Rules. *See* Pamela's Affidavit, ¶ 39, Pamela's Amended Complaint (citing 57 statutory provisions and regulations); October Fink Aff. ¶¶ 9-14.

Pamela also attempts to blame the Court's clerk for her service failure by saying that the clerk "was unable to say whether the method of service is limited in any way for the Amended Complaint and Summon [sic] after the Waiver of Service was not returned." Pamela's Affidavit, ¶ 40. This is not credible. Indeed, the United States District Court for the Eastern District of New York rejected a similar argument advanced by Pamela:

> Ms. Carvel: I have gone to the clerks of the court and asked them what is the procedure I should use... and nobody has ever said anything about summons....
>
> The Court: Ms. Carvel, I would suggest that you not make any other statements that would amount to misrepresentations to the Court. You have already had problems with misrepresenting to the Court. I am very familiar with the pro se clerks in this courthouse. They are outstanding. They do an exceptional job. You are not the only pro se litigant in this courthouse. I have a substantial number of very complicated cases, including class actions, where the litigants are pro se. Pro se litigants, just because they are pro se, doesn't mean that they are not bound by the same rules of evidence and procedures as attorneys are bound. No pro se clerk in this building would ever tell a pro se litigant that they could proceed without notice or omit that information, so I find that statement to be highly suspect.

*See* November Fink Aff., Exh. 1 at p. 18. Especially given Pamela's extensive experience litigating on her own behalf, the Court should not excuse her failure to effect service, and should instead dismiss her Complaint. *Thompson*, 501 F. Supp. 2d at 602-03.

7

## CONCLUSION

For the foregoing reasons, Defendants William Griffin, Marie Abplanalp Holcombe and Salvador Molella respectfully request that the Court grant their motion and issue an order dismissing Pamela's Amended Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), and grant such other relief as the Court may deem proper and just.

W. Donald W. Sparks, II (#2646)
sparks@rlf.com
Chad M. Shandler (#3796)
Shandler@rlf.com
Jameson A.L. Tweedie (#4927)
tweedie@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE  19801
(302) 651-7700

*Of Counsel:*
Steven J. Fink
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY  10103
(212) 506-5000

*Attorneys for Defendants William Griffin, Marie Abplanalp Holcombe, and Salvador Molella*

DATED: November 13, 2007

8

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2007, a copy of the foregoing was electronically

filed and was also caused to be served on the following as indicated:

### VIA FEDERAL EXPRESS

Pamela Carvel
28 Old Brompton Road, Suite 158
London SW7 3SS
England
United Kingdom

_____
Jameson A.L. Tweedie (#4927)
tweedie@rlf.com

RLF1-3210865-1