IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Pamela Carvel, as Citizen, as Delaware Ancillary Administrator for Agnes Carvel Estate, as Member for Thomas and Agnes Carvel Foundation<br><br>Plaintiffs,<br><br>v.<br><br>William Griffin, Marie Abplanalp, Salvatore Molella, Robert Davis and John/Jane Doe 1-20 Doe Corp. 1-20<br><br>Defendants. | C.A. No. 07-273-MPT |

### DEFENDANTS' ANSWERING BRIEF IN OPPOSITION TO PAMELA CARVEL'S MOTION TO APPOINT A RECEIVER

*Of Counsel:*

Steven J. Fink
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103
(212) 506-5000

Dated: November 26, 2007

W. Donald W. Sparks, II (#2646)
sparks@rlf.com
Chad M. Shandler (#3796)
shandler@rlf.com
Jameson A.L. Tweedie (#4927)
tweedie@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19801
(302) 651-7700

*Attorneys for Defendants William Griffin, Marie Abplanalp Holcombe, and Salvador Molella*

RLF1-3227364-1

## TABLE OF CONTENTS

                                                                                                     **Page**

PRELIMINARY STATEMENT ............................................................................................. 1
STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS.................. 2
SUMMARY OF ARGUMENT ............................................................................................... 2
STATEMENT OF FACTS ...................................................................................................... 3
ARGUMENT ............................................................................................................................ 3
    I. PAMELA CANNOT OBTAIN THE RELIEF THAT SHE
       REQUESTS BECAUSE THE FOUNDATION IS NOT A PARTY ......... 3
    II. PAMELA IS NOT ENTITLED TO RELIEF THAT SHE DOES NOT
        REQUEST IN HER COMPLAINT ................................................................ 5
    III. PAMELA'S MOTION ALSO FAILS ON THE MERITS............................ 6
CONCLUSION ......................................................................................................................... 8

# T TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Campbell v. Penn. Indus., Inc.*,
  99 F. Supp. 199 (D. Del. 1951)..................................................................................6

*Chadwick v. Arabian Am. Oil Co.*,
  656 F. Supp. 857 (D. Del. 1987)..................................................................................5

*Ethypharm S.A. France v. Bentley Pharm., Inc.*,
  388 F. Supp. 2d 426 (D. Del. 2005)..............................................................................4

*Evans Prods. Co. v. West Am. Ins. Co.*,
  736 F.2d 920 (3d Cir. 1984)......................................................................................5-6

*Hoheb v. Muriel*,
  753 F.2d 24 (3d Cir. 1985).........................................................................................5

*Jurimex Kommerz Transit G.m.b.H. v. Case Corp.*,
  201 F.R.D. 337 (D. Del. 2001)...................................................................................5

*Leone Indus. v. Assoc. Packaging, Inc.*,
  795 F. Supp. 117 (D. N.J. 1992).................................................................................7

*Mintzer v. Arthur L. Wright & Co., Inc.*,
  263 F.2d 823 (3d Cir. 1959)....................................................................................6, 7

*Poe v. Kuyk*,
  448 F. Supp. 1231 (D. Del. 1978)...............................................................................1

*Sweringen v. NYSDRA*,
  2006 U.S. Dist. LEXIS 70401 (N.D.N.Y. Sept. 28, 2006)......................................6-7

*Tcherepnin v. Franz*,
  277 F. Supp. 472 (D. Ill. 1966)...................................................................................7

*USX Corp. v. Barnhart*,
  395 F.3d 161 (3d Cir. 2004).......................................................................................6

RLF1-3227364-1

## TABLE OF AUTHORITIES
## (continued)

### STATE CASES

*Greenfield v. Caporella*,
   1986 Del. Ch. LEXIS 493 (Del. Ch. Dec. 3, 1986) ..................................................... 7

*People v. Vivisection Investig. League*,
   20 A.D.2d 762 (1st Dep't 1964) ................................................................................ 7

### FEDERAL STATUTES

Fed. R. Civ. P. 12 ................................................................................................................ 1

Fed. R. Civ. P. 19 ........................................................................................................... 4, 5

iii

RLF1-3227364-1

## TABLE OF AUTHORITIES
## (continued)

### STATE CASES

*Greenfield v. Caporella*,
   1986 Del. Ch. LEXIS 493 (Del. Ch. Dec. 3, 1986) ..................................................... 7

*People v. Vivisection Investig. League*,
   20 A.D.2d 762 (1st Dep't 1964) ................................................................................ 7

### FEDERAL STATUTES

Fed. R. Civ. P. 12 ................................................................................................................ 1

Fed. R. Civ. P. 19 ........................................................................................................... 4, 5

## PRELIMINARY STATEMENT

Defendants William Griffin, Marie Abplanalp Holcombe and Salvador Molella (the "Defendants") respectfully submit this Brief in opposition to Plaintiff's motion to appoint a receiver.[1] The motion should be denied.

This is Plaintiff Pamela Carvel's ("Pamela") fifth attempt in five different Courts in the past six months to have a receiver appointed or otherwise interfere with non-party The Thomas and Agnes Carvel Foundation's (the "Foundation") administration of its assets. *See* Pamela's Complaint in *Carvel v. Cuomo*, Index No. 07-cv-1034 (N.D.N.Y) (Affidavit of Steven J. Fink in Opposition to Pamela Carvel's Motion to Appoint a Receiver, sworn to November 26, 2007 ("Fink Aff. 3"), ¶ 3, Exh. 2, at WHEREFORE clause b) ("WHEREFORE, . . . this Complaint seeks to compel the New York Attorney General . . . to immediately place the all [sic] assets of the alleged Thomas and Agnes Carvel Foundation (New York) into the hands of an independent court-appointed receiver until distributed by the court."); Pamela's Motion in *The Thomas and Agnes Carvel Foundation v. Carvel*, C.A. No. 3185-VCP (Del. Ch. Ct.) (Fink Aff. 3, ¶ 5, Exh. 4, at WHEREFORE Clause 3); Pamela's Complaint in *Carvel v. Greenhouse* [sic], Claim No. HC07C02611 (High Court of Justice, Chancery Div., London, England) (Fink Aff. 3, ¶ 4, Exh. 3, at ¶ 28.2); Pamela's Order to Show Cause, *In the Matter of the Final Accounting of Ross*, File No. 2165/1998 (Fink Aff. 3, ¶ 2, Exh. 1, at ¶ 1). Not only has Pamela utterly failed to make the requisite showing to obtain such extraordinary relief in this or

---

[1] By responding to Plaintiff's motion, Defendants do not waive their jurisdictional objections or their objections based on Plaintiff's failure to effect proper service on them, which are currently before the Court on Defendants' motion to dismiss filed October 9, 2007. *See* Fed. R. Civ. P. 12(b); *Poe v. Kuyk*, 448 F. Supp. 1231, 1237 (D. Del. 1978) (finding defendants did not waive service defect by objecting on grounds that went beyond their challenge to service, *aff'd*, 591 F.2d 1336 (3d Cir. 1979) ( TABLE)).

any other forum, but her request for a receiver in this action is particularly misplaced because (1) the Foundation is not a party (and would not be subject to the Court's jurisdiction in any event); and (2) she does not seek this relief in her Amended Complaint herein. For all of these reasons, Pamela's motion to appoint a receiver should be denied.

### STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff attempted, but failed, to effect service of her Amended Complaint, together with summonses, on the Defendants in September 2007. Defendants moved to dismiss the Amended Complaint on October 9, 2007 for lack of personal jurisdiction and improper service. (D.I. 12). On October 29, 2007, Pamela simultaneously opposed Defendants' motion to dismiss and moved to appoint a receiver. Defendants submitted a Reply Brief in support of their motion to dismiss on November 13, 2007, and that motion is now fully briefed. (D.I. 23, 26).

### SUMMARY OF ARGUMENT

The Court should deny Pamela's motion to appoint a receiver for several reasons.

1. Pamela seeks the appointment of a receiver in respect of the assets of the Foundation, not the Defendants. She is not even arguably entitled to this relief because the Foundation is not a party to this proceeding.

2. Pamela did not seek the appointment of a receiver in her Amended Complaint. Thus, she is not entitled to this relief by motion.

3. Pamela has failed to establish by competent evidence any facts that could support the extraordinary remedy of a receivership.

## STATEMENT OF FACTS

Defendants are Members[2] and Directors and, in the cases of Messrs. Griffin and Molella, Officers of the Foundation. The Foundation is a not-for-profit corporation organized pursuant to New York's Not-for-Profit Corporation Law and recognized as exempt from federal income tax as a private foundation under the Internal Revenue Code. (*See* Affidavit of William E. Griffin, D.I. 14 ("Griffin Aff.") ¶ 3.) The Foundation primarily provides grants for charitable organizations that in turn provide health and education services for children and adolescents in Westchester County, New York. (*Id.*) Its offices are located at 35 East Grassy Sprain Road, Yonkers, New York. (*Id.*)

Pamela is a Member of the Foundation as successor to Agnes Carvel. (*See* Affidavit of Steven J. Fink sworn to on October 9, 2007, D.I. 17 ("Fink Aff. 1"), ¶ 3.)

## ARGUMENT

"The appointment of a receiver is considered to be an extraordinary remedy that should be employed with the utmost caution and granted only in cases of clear necessity to protect plaintiff's interests in the property." Wright & Miller, 12 *Fed. Prac. & Proc. Civ. 2d* § 2983. Pamela has utterly failed to meet her burden of establishing that the extraordinary remedy of a receivership is warranted. Thus, her motion should be denied.

---

[2] Pursuant to New York's Not-For-Profit Corporation Law (the "NPCL") "[a] corporation [organized pursuant to the NPCL] shall have one or more classes of members...." NPCL § 601.

3

### I. PAMELA CANNOT OBTAIN THE RELIEF THAT SHE REQUESTS BECAUSE THE FOUNDATION IS NOT A PARTY

As is apparent from her motion, what Pamela seeks is to put the Foundation into receivership. This relief is not, of course, available in this action to which the Foundation is not even a party.

Pamela alleges that she is seeking relief against the Defendants individually. (*See* Amended Complaint, ¶ 2 ("[t]his action is against Defendants as **individuals**. . . .") (emphasis in original); Pamela's Affidavit in Support of Plaintiffs' Motion to Appoint a Receiver ("Pamela's Affidavit"), ¶ 7 ("Plaintiffs' claims for damages are against the Defendants individually.")). Nonetheless, she now states that she seeks the appointment of a receiver in order "to marshal, conserve, protect, hold funds, operate and, with the approval of the Court, dispose of any assets, wherever those assets may be found in which Defendants or their agents alleged a legal, equitable or beneficial interest *in the name of the 'Thomas and Agnes Carvel Foundation'*." (Pamela's Notice of Motion to Appoint a Receiver) (emphasis added). In other words, Pamela seeks to put the Foundation into receivership, just as she repeatedly has sought to do elsewhere. (Fink Aff. 3, ¶¶ 2-5 and Exhibits 1-4).

Rule 19(a)(2)(i) of the Federal Rules of Civil Procedure provides that a party is "necessary" if "the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may... as a practical matter impair or impede the person's ability to protect that interest." Fed. R. Civ. P. 19(a)(2)(i). *See also Ethypharm S.A. France v. Bentley Pharms., Inc.*, 388 F. Supp. 2d 426, 431 (D. Del. 2005). If a person described in Rules 19(a)(2) cannot be made a party and the Court determines "in equity and good conscience" that the action should not

4

proceed without the entity, the absent entity is termed "indispensable." Courts look to the following factors in determining whether the non-party is indispensable: (1) the extent to which a judgment rendered in the entity's absence would be prejudicial to the entity or those already parties; (2) the extent to which, by protective provisions, the prejudice can be lessened; (3) whether a judgment rendered in the entity's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed. Fed. R. Civ. P. 19(b).

The Foundation clearly meets the definition not only of a necessary party, but of an indispensable party. When the assets of a non-party are directly at stake, the non-party has an overwhelming interest relating to the subject of the action. *Hoheb v. Muriel*, 753 F.2d 24, 26 (3d Cir. 1985) (citing Fed. R. Civ. P. 19(a)(2)). It would, moreover, as a practical matter impair or impede [the Foundation's] ability to protect that interest if it was put into receivership without even having an opportunity to be heard. Fed. R. Civ. P.19(a)(2). Furthermore, the Foundation would be severely prejudiced by the imposition of a receivership, that prejudice cannot be lessened by protective provisions, a judgment rendered in its absence would not be adequate, and Pamela has an adequate remedy at law for any claim she is able to prove. Thus, equity and good conscience do not permit such a result. Fed. R. Civ. P. 19(b).

Therefore, the extraordinary relief of receivership is not available in this action to which the Foundation is not a party. *Jurimex Kommerz Transit G.m.b.H. v. Case Corp.*, 201 F.R.D. 337, 340 (D. Del. 2001) (dismissing for inability to add indispensable party, *aff'd*, 65 Fed. Appx. 803 (3d Cir. 2003); *Chadwick v. Arabian Am. Oil Co.*, 656 F. Supp. 857, 863 (D. Del. 1987) (same).

## II. PAMELA IS NOT ENTITLED TO RELIEF THAT SHE DOES NOT REQUEST IN HER COMPLAINT

Despite having asserted in her Amended Complaint claims under 32 different statutes and Constitutional provisions, Pamela now seeks by motion a form of relief that she does not seek in her Complaint – the appointment of a receiver. This is clearly improper. A party is, of course, limited to the relief sought in his or her pleadings. *Evans Prods. Co. v. West Am. Ins. Co.*, 736 F.2d 920, 923-24 (3d Cir. 1984). Thus, "relief may be based on a theory of recovery only if that theory was presented in the pleadings or tried with the express or implied consent of the parties." *Id. See also USX Corp. v. Barnhart*, 395 F.3d 161, 165 (3d Cir. 2004) ("Rule 54(c) addresses and cures a limited formal problem. It is not designed to allow plaintiffs to recover for claims they never alleged."). Thus, Pamela's motion should be denied for the simple reason that it seeks relief not contemplated by her pleadings.

## III. PAMELA'S MOTION ALSO FAILS ON THE MERITS

The Court should not reach the merits of Pamela's motion to appoint a receiver because she seeks this relief against a non-party and also because it goes beyond the relief sought in her Amended Complaint as discussed in Parts I and II, *supra*. Even if the Court were to reach the merits, Pamela's motion should nonetheless be denied because she fails to demonstrate any basis for the "drastic" and "extraordinary" remedy of receivership. *See Mintzer v. Arthur L. Wright & Co.*, 263 F.2d 823, 824-25 (3d Cir. 1959); *Campbell v. Penn. Indus., Inc.*, 99 F. Supp. 199, 207 (D. Del. 1951); Wright & Miller, 12 *Fed. Prac. & Proc. Civ.2d* § 2983 ("The appointment of a receiver is considered to be an extraordinary remedy that should be employed with the utmost

6

caution and granted only in cases of clear necessity to protect plaintiff's interests in the property.").[3]

As Courts have recognized, "where there is no fraud or imminent danger of the property being lost, injured, diminished in value, or squandered and where legal remedies do not appear to be inadequate the appointment of a receiver should not be granted." *Mintzer*, 263 F.2d at 826; *Leone Indus. v. Assoc. Packaging, Inc.*, 795 F. Supp. 117, 120 (D. N.J. 1992). Pamela's laundry list of allegations of civil and criminal misconduct including fraud, conspiracy, burglary, bribery and many others, besides being untrue, are so generalized as to defy response. Pamela offers no competent evidence to support any such claims. Generalized allegations of fraud like those she presents here are insufficient to support the extraordinary remedy of receivership. *Tcherepnin v. Franz*, 277 F. Supp. 472, 474 (D. Ill. 1966). Moreover, Pamela has made no credible claim that there is an immediate risk of property being lost, injured, diminished in value, or squandered. Thus, there is no "imminent" danger that could justify the appointment of a receiver. *Greenfield v. Caporella*, 1986 Del. Ch. LEXIS 493, at *5-6 (Del. Ch. Dec. 3, 1986).

---

[3] By way of alternative relief, Pamela seeks the appointment of "the Delaware Attorney General on behalf of beneficiaries of charities" to oversee the Foundation's property. Pamela's Affidavit, ¶ 7. Pamela cites no authority for this request that a Federal Court sitting in Delaware appoint Delaware's Attorney General to oversee a New York Foundation, nor is there any. To the contrary, pursuant to New York statute, the New York State Attorney General is responsible for the oversight of charitable foundations organized pursuant to New York's Not-For-Profit Corporation law. *See, e.g.*, NPCL § 112. Pamela does not have the authority to circumvent the New York Attorney General's authority through private litigation. *See, e.g.*, *Sweringen v. NYSDRA*, 2006 U.S. Dist. LEXIS 70401, *9 (N.D.N.Y. Sept. 28, 2006) (finding Court could not compel New York attorney general to investigate charitable organization); *People v. Vivisection Investig. League*, 20 A.D.2d 762, 762 (1st Dep't 1964) (finding if the attorney general declines to investigate, it is "settled decisional law [that] such a suit may not be maintained.", *aff'd*, 15 N.Y.2d 511 (N.Y. 1964)).

Furthermore, to the extent she can prove any of her fanciful claims, she has failed to show why a legal remedy is not adequate. Thus, her motion should be denied. *Id.*[4]

In short, Pamela has failed to make the requisite showing for appointment of a receiver.

## CONCLUSION

For the foregoing reasons, Defendants William Griffin, Marie Abplanalp Holcombe and Salvador Molella respectfully request that the Court deny Plaintiff's motion to appoint a receiver and grant such other relief as the Court may deem proper and just.

*Of Counsel:*

Steven J. Fink
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY  10103
(212) 506-5000

Dated:  November 26, 2007

W/Donald W. Sparks, II (#2646)
sparks@rlf.com
Chad M. Shandler (#3796)
shandler@rlf.com
Jameson A.L. Tweedie (#4927)
tweedie@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19801
(302) 651-7700

*Attorneys for Defendants William Griffin, Marie Abplanalp Holcombe, and Salvador Molella*

---

[4] Pamela's motion should be denied for yet another reason. To prevail, a party seeking the appointment of a receiver must have "an equitable interest in the property to be seized or . . . judgments that cannot otherwise be satisfied. . . . [T]he party seeking receivership must have more than a 'mere claim' against the defendant." *Leone Indus.*, 795 F.Supp. at 120 (internal citations omitted); *Mintzer*, 263 F.2d at 825. While Pamela is a Foundation Member, that status does not afford her with "an equitable interest" in the Foundation's property. The Foundation is a corporation. Its assets are administered by the Foundation for the benefit of its charitable beneficiaries. Its assets do not belong to its Members.

8

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2007, a copy of the foregoing was electronically filed and was also caused to be served on the following as indicated:

### VIA FEDERAL EXPRESS

Pamela Carvel
28 Old Brompton Road, Suite 158
London SW7 3SS
England
United Kingdom

_____
Jameson A.L. Tweedie (#4927)
tweedie@rlf.com